UNITED STATES DISTRICT COURT     SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| Delta Seaboard Well Services, Inc., § § § Plaintiff, § § versus § § American International Specialty Lines § Insurance Company, § § Defendant. § | Civil Action H-09-84 |

## Opinion on Summary Judgment

1.     *Introduction.*

A company owes a large settlement and wants its excess insurer to pay a portion of it. The excess insurer refused because its policy excludes the loss and because the company did not notify of its claim on time. The excess insurer will prevail.

2.     *The Policies.*

Delta Seaboard Well Services, Inc., plugs oil and gas wells for operating companies. In March of 2003, Delta bought commercial insurance for $1 million for each occurrence with an aggregate of $2 million from Gemini Insurance Company.

In May of 2005, Delta also got an umbrella policy from American International Specialty Lines Insurance Company – insuring Delta's liabilities for an aggregate of $5 million above Gemini's limit. American also covered property damage that occurred two years before its policy's inception.

3.     *Fort Apache Lawsuit.*

In July of 2005, one of Delta's customers, Fort Apache Energy, Inc., sued it for negligently plugging a well in late 2003, because it still had had reserves. Delta immediately notified Gemini, its primary insurer, of the suit, and Gemini denied coverage.

In January of 2008, a state court in Texas found Delta responsible, and two months later, Delta notified American of the lawsuit. American denied coverage for Delta's late notice and its exclusion of underground resources.

In May of 2008, the state court awarded more than $2 million in damages to Fort Apache, and Delta settled for $1,450,000.

3. *Gemini Lawsuit.*

Separately, Gemini sued Delta, seeking a declaration that it had no duty to defend or indemnify in the Fort-Apache suit because of its oil-industry exclusion. In December of 2008, a state court in Texas found the exclusion applied, and Gemini prevailed.

4. *This Dispute.*

Delta is now seeking $445,000, interest, and attorney's fees from American for its denial of coverage in the Fort-Apache suit.

American has moved for judgment, saying its policy excluded coverage, Delta did not notify it on time, and Delta is re-litigating the coverage issues of the Gemini suit.

5. *Denial.*

American says it denied coverage for two reasons. First, section five of American's endorsement for oil industries excludes coverage for loss of the hole or in-hole equipment. When Delta did not stop plugging as soon it had found pressure in the well, it prevented further production for Fort Apache. Because American excluded for this type of law in its unambiguous provision, American is not responsible for Delta's damage to Fort Apache's production equipment and reserve recovery.

Second, American says through its ninth endorsement, it agreed only to cover the same loss as the scheduled underlying insurer, whom American says is Gemini. Delta says that Gemini's policy had expired in 2004, and it was not the underlying insurer when Delta bought insurance from American in 2005.

Because American's policy contemplated underlying policies for other than American's policy year by its endorsement (number 28), Gemini's policy was the underlying insurer. The expiration of Gemini's policy only precludes coverage of injuries after 2004, not the filing of

claims during the policy period. Because the injury occurred in 2003, during Gemini's policy, Gemini was the underlying insurer to American's umbrella policy.

Further, because Gemini's exclusion for loss of the hole and in-hole equipment was identical to American's and it applied, American did not have to cover the loss of Fort Apache's well.

6.  *Notice.*

American says that because Delta did not notify it under the policy, it was prejudiced from Delta's breach. In the section on the insured's duties, Delta was obliged to notify American in writing as soon it reasonably knew that American's policy might be triggered.

Delta says that it did not notify American because it did not reasonably believe that Fort Apache's suit had merit. Delta also says it relied on its counsel who advised that its liability was very unlikely. Even if it was responsible, Delta says that based on its experience in the industry, it thought the damages would be far less and would not have triggered American's excess policy.

Delta also says it believed that one of its workers had notified Fort Apache of the unanticipated pressure before it completed the plugging.

Delta waited almost three years before notifying American of Fort-Apache's claim, omitting the easy occasions of notice like (a) when the suit was filed in 2005 or (b) when the case went to trial in late 2007. Delta only notified American after it lost the trial in early 2008. That is unreasonable.

Because American did not get the opportunity to participate in Delta's defense or negotiate with Fort Apache, American was prejudiced by Delta's failure to notify it. In essence, Delta had foreclosed those opportunities to American. *See Ratcliff v. National Cty. Mut. Fire Ins.*, 735 S.W.2d 955 (Tex. App. – Dallas 1987, writ dism'd w.o.j) (insurer was prejudiced as matter of law by insured's post-judgment notice).

7.  *Already Done.*

Delta may not re-litigate the issue of whether American properly denied coverage. American says because the issue was already decided in Gemini's declaratory action in a state court in Texas, Delta is precluded from bringing this suit. Delta did not respond to issue preclusion in its pleading.

A party may not re-litigate the same issues where the facts essential to the earlier judgment are the same and have been fully represented by an identical party. *See Sysco Food Services. v. Trapnell*, 890 S.W.2d 796, 801 (Tex. 1994)(elements of issue preclusion in Texas). Delta is asserting the same contractual language on the same event of plugging Fort-Apache's well, and the state court already has ruled on coverage. Because Delta was the defendant in Gemini's suit and is the plaintiff in this suit against American, the final element of identity of party is met. Delta is precluded from re-litigation.

8.  *Conclusion.*

Delta Seaboard Well Services, Inc., will take nothing from American International Speciality Lines Insurance Company.

Signed on April 2, 2009, at Houston, Texas.

Lynn N. Hughes   USDJ
United States District Judge